## AUGUSTUS O. BAILEY *versus* HOPE INSURANCE COMPANY.

An insurance company, chartered by the Legislature of Rhode Island, appointed an agent in accordance with R. S., c. 49, § 39, to do business in Portland. Upon receipt of a letter from the plaintiff, residing in N. H., asking for a policy upon a hotel belonging to the plaintiff and his partner, situated in N. H., the agent issued and sent a policy dated at Portland, to the plaintiff as directed. In an action upon the policy; — *Held*, that the place of the contract was in this State, and that the laws of this State must govern it.

A condition in such a policy requiring that the assured, in case of a loss, shall procure a certain " certificate under the hand of a magistrate or notary most contiguous to the place of the fire," being in conflict with § 5 of c. 34 of Public Laws of 1861, is void.

A letter from the secretary of an insurance company, written to the assured upon receipt of the preliminary proofs of loss, making objection to the magistrate who signed the certificate, but not to the form of the certificate, may be regarded as a waiver to any defect in the form.

An insurance, *prima facie*, has reference only to the legal interest of the insured.

ON EXCEPTIONS, to the ruling of GODDARD, J., of the Superior Court.

ASSUMPSIT on a policy of insurance against fire, effected upon a hotel, and connected outbuildings, situated in Gorham, New Hampshire, and owned by the plaintiff and his partner, both of whom resided in Gorham. There was other insurance to the same amount in another company.

The presiding Justice instructed the jury that the plaintiff had a right to insure the whole of his insurable interest ; [but that his personal insurable interest did not exceed one-half of the value of the insured property, and therefore he is not entitled to recover in this action more than one-quarter of the value of the insured property destroyed by the fire, with interest from the date of his writ.]

To so much of this instruction as is included within the brackets, the plaintiff alleged exceptions.

The following, among other instructions, were also given :

1st. That any misrepresentations of the title or interest

of the plaintiff, if any such were made, would not prevent his recovery on the policy to the amount of his insurable interest, unless such misrepresentations were fraudulent, and that the defendant could not avoid payment of loss by fire by reason of any incorrect statements of value or title as erroneous description by the insured in the contract of insurance, if the jury should find that the difference between the property as described, and as really existing, did not contribute to the loss or materially increase the risk, and also —

2d. That it was not necessary that proof should be made before a justice of the peace, but that a notary was sufficient.

3d. That it was not necessary that he (the certifying magistrate) should be the most contiguous to the fire.

That the form of the proof is sufficient.

4th. That the jury were to judge whether there is any defect in its substance.

To these latter instructions the defendant alleged exceptions.

The verdict was for the plaintiff.

*James F. Miller*, for the plaintiff.

I. Preliminary proof sufficient.

1st. That the certificate attached to the proofs of loss was made by such a magistrate as the laws of Maine contemplate. Acts of 1861, c. 34, § 5; Webster's Unabridged Dictionary, 685; R. S., c. 32; R. S., c. 107, §§ 2, 11, 29, 102; 1 Black. Com., 145, c. II, second paragraph, Lippincott's ed. of 1866; *Scanlan* v. *Wright*, 13 Pick., 528, 529.

2. That the certificate is proper in form. See certificate and Acts of 1861, c. 34, § 5.

3d. The compliance to conditions of policy is for the Court as to form, and the jury as to sufficiency. *Wetherell* v. *Maine Ins. Co.*, 49 Maine, 200 — 205; *Columbia Ins. Co.* v. *Lawrence*, 10 Peters, 507.

II. Contract made in Portland.

1st. The law of the place where the contract is made, and not where the action is brought, is to govern in enforcing and expounding the contract, unless the parties had in view its performance elsewhere. *Cox* v. *U. S.*, 6 Peters, 172; 2 Parsons on Con., § 5 of c. II; *Duncan* v. *U. S.*, 7 Peters, 445.

III. Place of performance at Portland.

1st. A policy of insurance executed in one place and transmitted to the insured in another place, and where the property insured is located, is a contract of the place where it was executed, unless otherwise agreed upon by the parties. There was no such agreement in this case. *Daniels & als.* v. *Hudson River Ins. Co.*, 12 Cush., 416; *Hyde* v. *Goodenow*, 5 Coms., 266.

2d. The validity and construction of a policy of insurance, as of other contracts, are governed by the laws of the place where it is made. 1 Phil. on Insurance, § 121, and reference.

*Reed & Smith*, for the defendants.

I. As to preliminary proofs.

(1.) We are in condition to take advantage of this objection, having pointed out the non-compliance as soon as the proofs reached us.

(2.) The preliminary proofs (which in our use of the term includes the magistrate's certificate) must comply either with the policy or the statute, either with the contract which the parties have made or the contract which the law forces them to make. Compliance is a condition precedent, without which there can be no recovery. *Leadbetter* v. *Ætna Ins. Co.*, 13 Maine, 265; *Worsley* v. *Wood*, 6 T. R., 710; *Mason* v. *Hervey*, 8 Exch., 819; *Spring Garden Ins. Co.* v. *Evans*, 9 Md., 1; *Kimball* v. *Hamilton Ins. Co.*, 8 Bosw., N. Y., 495; *Battaille* v. *Merchants' Ins. Co.*, 3 Rob., La., 384; *Welcome* v. *Peoples' Ins. Co.*, 2 Gray, 480; *Smith* v. *Haverhill Ins. Co.*, 1 Allen, 297; *Roper* v. *Lendon*, 1 Ell & Ell (102 E. C. L. R,) 825.

But, (3,) the proofs do not comply with the policy (condition No. 11,) because the certificate is not from the most contiguous magistrate; nor with the statute, because the magistrate does not certify that the statement is true, &c., but that he has met with a *bona fide loss, &c.*, which is a fact entirely different. The statute (c. 34, 1861) being very much in derogation of common law, must be construed strictly. Whoever seeks to avail himself of a statute to avoid his own contract, must pursue that statute exactly.

(4.) The sufficiency of the compliance was for the Court, not for the jury.

"They (the proofs) are conditions precedent and for the Court, and being in writing, the question of sufficiency is to be determined by them." *Commonwealth Ins. Co.* v. *Sennett*, 41 Penn., 161, 169. See also all the cases cited above, in no one of which is there any hint that this is matter for the jury. The case of *Wetherell* v. *Ins Co.*, 49 Maine, 200, 205, from which, perhaps, in the haste of *nisi prius*, the instruction of the Court was derived, is not at all in conflict with this view; for that case refers to the statement of *amount* of loss, and that only, as will be seen by the context. There the question was as to the disputed fact of fraud, here the question is one of law. The proofs being in writing speak for themselves. There were no facts to be determined, and where the facts are entirely undisputed, the decision is for the Court. Broom's Legal Maxims, [77.] "It is of the greatest consequence," says Lord HARDWICK "to the law of England and to the subject, that these powers of the Judge and jury be kept distinct, that the Judges determine the law, and the jury the fact; and if ever they come to be confounded it will prove the confusion and destruction of the law of England."

II. As to the Law of Contract which is to govern the case.

(1.) The contract was made in New Hampshire and *lex loci contractus* must govern. *Prentiss* v. *Savage*, 13 Mass.,

23; *Thompson* v. *Ketchum,* 8 Johns. 146; *Austin* v. *Imus,* 23 Vt., 286; *Cox* v. *United States,* 6 Pet., 172, 202.

All the letters and particularly those of July 29, 30 and 31 show that New Hampshire was the place of contract. The first policy was not treated by either party as a contract, because not accepted by the insured. Nor was the second to be so treated till accepted. When it was accepted and the contract*completed, it was at Gorham, N. H. If Bailey had sent the money to Portland and the agents had sent the policy back, there might be some color for saying that the contract was made in Maine. Suppose the policy had never reached Bailey, could he have been made to pay the premium? The cases *Huntley* v. *Merrill,* 32 Barbour, 626; · *Western* v. *Genesee Ins. Co.,* 2 Kern., 258; *Hyde* v. *Goodenow,* 5 Comstock, 266, which will be cited by plaintiff, are cited also by us. They are all cases where the premium note was forwarded to New York with the application and the policy returned, consequently the Court held that the contract was " consummated by the final assent on the part of the company" at New York. So in this case, we say the contract was consummated by the final assent of Bailey at Gorham. The case of *Daniels* v. *Hudson Ins. Co.,* 12 Cush., 416, is not in point; for there the property was situated in Massachusetts, the negotiations were carried on and the contract consummated there by assent of all parties. In the present case the property was real estate in New Hampshire, the negotiation by letter, and the contract consummated by the final assent of Bailey at Gorham.

But, (2,) even if Portland is to be deemed the place where the contract was made, still the law of New Hampshire governs, because the contract related to property in New Hampshire and was to be performed there. *Austin* v. *Imus,* 23 Vt., 286; *Fanning* v. *Consequa,* 17 Johns., 511; *Andrews* v. *Pond,* 13 Pet., 65. Contracts of Marine Insurance, wherever made, are supposed to be made with reference to the usages of the place to which the ship belongs. *Cobb* v. *N. E. Mut. Marine Ins. Co.,* 6 Gray, 192, 200;

*Tidmarsh* v. *Ins. Co.*, 4 Mason, 439 ; *Hazard* v. *N. E. Marine Ins. Co.*, 8 Pet., 557.

(3.) The law of New Hampshire is the common law, and the insured must comply with the conditions of the policy as to title, preliminary proofs, &c. *State* v. *Rollins*, 8 N. H., 550.

III. Instruction excepted to by the plaintiff was right. *Converse* v. *Citizens' Mut. Ins. Co.*, 10 Cush., 37, 38 ; *Finney* v. *Bedford Ins. Co.*, 8 Met., 348 ; 3 Kent's Com., 258, and cases *infra*.

APPLETON, C. J. —The defendant corporation was chartered by the Legislature of Rhode Island, and has its place of business at Providence in that State. It has an agent or agents at Portland, and has fully complied with the provisions of R. S., c. 49, § 39, in reference to the agents of foreign insurance companies.

The premises insured were owned by Bailey & Mitchell. It appears that a policy was issued to the firm, but Mitchell declined to have anything to do with it. The plaintiff thereupon, on July 29, 1867, wrote to Messrs. Dow, Stackpole & Co., the agents of the defendant corporation at Portland, advising them that his partner Mitchell did not wish to be insured, and requesting a policy to be made out to him.

On July 30, 1867, Dow, Stackpole & Co., forwarded the policy in suit to the plaintiff. It is dated at Portland, and countersigned by the agents of the defendant.

The plaintiff's hotel was in New Hampshire, where he resided. The Insurance company was chartered by the Legislature of Rhode Island. The policy was issued at Portland.

The defendant corporation is carrying on business in this State by its duly authorized agents. In all the contracts the agents make, in the course of such agency, the case is the same as though the principal were present and made them. The principal is constructively present in the

agents' person. The contract is to be regarded as if made at the place where the business is transacted by the agent or agents.

The negotiation in this case was by letter. The plaintiff requested to be insured, and that a policy, the terms of which were understood by their previous correspondence, should be sent him. The agents of the defendant forwarded the policy the next day. The contract is completed by sending the policy as requested. When the agents of the defendant forwarded their policy, the defendant became liable, — and, as the contract was complete and finished in this State, its laws must govern.

The defendant corporation chose to have an agency in this State. It has made itself liable to suits here. The plaintiff is seeking to enforce his contract here. The defendant having received the profits of insurance, — having agreed to be amenable to the jurisdiction of the courts of this State, and having contracted within it, and subject to its laws, and the suit having been brought here, its rights must be determined by the terms of the contract, except so far as the same may be affected by the paramount legislation of this State. *Emery* v. *Piscataqua F. & M. Ins. Co.,* 52 Maine, 322.

It is objected that the preliminary proofs do not comply with the conditions of the policy. By the 11th condition, the insured were required to give a statement of the loss, &c., to procure a certificate under the hand of a magistrate or notary public, (most contiguous to the place of fire, and not concerned in the loss, &c.,) that he is acquainted with the character and circumstances of the person or persons insured, and has made diligent inquiry into the facts set forth in their statement, and knows, or verily believes that the insured, by misfortune and without fraud or evil practice, have sustained by fire such loss or damage, and to the amount therein mentioned. This the plaintiff has not done. If the policy were to control, he would be obliged to pro-

cure such certificate, and if he could not, the action could not be sustained.

But the plaintiff is relieved from the necessity of procuring the certificate of the nearest magistrate, by the Act approved March 15, 1861, c. 34, § 5, which requires only that the statement of the insured should be sworn to " before some disinterested magistrate, who shall certify that he has examined the circumstances attending the loss, and has reason to, and does believe such statement is true."

By the Act of 1861, c. 34, § 5, " all provisions contained in any policy or contract of insurance, in conflict with any of the provisions of this Act, are hereby declared null and void, and all contracts of insurance hereafter made, renewed or extended, in this State, or on property within this State, shall be subject to the provisions of this Act." The policy, in suit, was made and extended in this State. Both parties must be regarded as contracting subject to the requirements of this Act. Whatever is in conflict with the Act is null and void. Its provisions control the terms of the policy. It was not necessary, then, to make the preliminary proofs as required by the policy.

But it is urged that the plaintiff has not complied with the statute, § 5, and therefore he must fail. The statement of the insured is within its terms and is duly sworn to. The magistrate before whom the statement was made and sworn to, certified that he " examined the circumstances of the fire or damage as alleged," that he was " well acquainted with the character and circumstances of the insured," and that he verily believed " that he has by misfortune and without fraud or evil practice, sustained loss and damage on the property insured, to the amount of ten thousand four hundred dollars."

It is insisted that this is not a compliance with § 5, which requires the magistrate to certify "that he has examined the circumstances attending the loss, and has reason to and does believe such statement to be true."

It may be, that this certificate is not strictly a compliance with the requirements of the statute. However that may be, the defendants, by their own showing, have waived the right to insist on this objection. In the notice of the. secretary, under date of Dec. 4, 1867, he takes the objection that the certificate of the magistrate nearest the fire has not been produced, and adds, "without this, no claim is payable." But the defendants have become amenable to this jurisdiction and must submit to its laws. No objection, it will be observed, is made to the statement of the insured that it is not sufficiently full, clear and precise. None is made to the form of the magistrate's certificate. Had there been, the objections might have been remedied. The only objection is, that the certificate of the nearest magistrate is not obtained. There is no intimation that it is in any respect insufficient. The complaint is, that the magistrate making it, is the wrong one, and that is all. The defendants' objection is answered by the statute, so far as relates to the magistrate. No suggestion was made that the certificate was defective in substance. The defendants are not to be permitted at this late day to take this objection. They must be regarded as having waived it by the notice before referred to. *Bartlett* v. *Union Mut. Fire Insurance Co.*, 46 Maine, 500; *Lewis* v. *Monmouth Mut. Fire Ins. Co.*, 52 Maine, 498.

The exceptions of the defendants must be overruled.

The plaintiff procured an insurance " on his new three story frame hotel," &c. This insurance in its terms relates only to his legal title, which was one-half. An insurance *prima facie* covers only the legal interest of the insured. 3 Kent, 258. The correspondence refers to the legal title only. Nothing indicates, on the part of the insured, that there was any intention to effect a policy on any equitable interest he might have, as against his partner, on an adjustment of the affairs of the firm. The policy in its terms

covers no such interest, and there is no reason to suppose it was intended to cover such interest.

*Plaintiff's and defendants' exceptions overruled.*

WALTON, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.